[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13896
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00132-CEH-TGW-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO ADABRIL GARCIA LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Alejandro Garcia Lopez appeals his 135-month sentence—the low end of the Guideline range—for maritime drug trafficking offenses. He argues that his sentence was substantively unreasonable in light of the 120-month mandatory-minimum sentences that similarly situated mariners receive. For the reasons that follow, we affirm Garcia Lopez's sentence as reasonable.

On February 28, 2018, a U.S. Coast Guard helicopter patrolling the eastern Pacific Ocean saw a suspicious go-fast vessel, loaded with parcels, traveling north in the high seas southwest of Mexico. The Coast Guard officers ordered the vessel to stop. It did not, and the passengers on board began jettisoning electronics and other small items. After firing several warning shots to no avail, the helicopter fired a disabling shot that stopped the vessel. Coast Guard officers then boarded the vessel and identified the six men on board—including Garcia Lopez—as citizens of Mexico, Colombia, and Ecuador. The captain—not Garcia Lopez—did not claim a nationality for the vessel, so the Coast Guard treated the vessel as stateless. The Coast Guard inspected the vessel and discovered about 1,675 kilograms of cocaine in 67 bales. The Coast Guard seized the cocaine and detained the six crew members.

All six men were brought to the Middle District of Florida and indicted for possession with intent to distribute and conspiracy to possess with the intent to

2

distribute five kilograms or more of cocaine, 46 U.S.C. §§ 70503(a), 70506(a), (b);[1] 21 U.S.C. § 960(b)(1)(B)(ii).[2] Garcia Lopez pleaded guilty without a written plea agreement. The presentence investigation report calculated a total offense level of 33 and a criminal history category of I, for an advisory Guideline range of 135 to 168 months' imprisonment. Garcia Lopez requested a sentence of 120 months, the statutory mandatory minimum. *See* 21 U.S.C. § 960(b)(1)(B)(ii). He argued that such a downward variance was appropriate based upon his history and characteristics and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(1), (6).

At the sentencing hearing, Garcia Lopez emphasized his acceptance of responsibility, noting that he was the first of his codefendants to plead guilty. He also asserted that a different judge would have given him a two-level reduction for his minor role in the offense, *see* U.S.S.G. § 3B1.2(b), which would have resulted in a sentence even lower than the mandatory minimum. But he acknowledged that

---

[1] "While on board a covered vessel, an individual may not knowingly or intentionally . . . possess with intent to . . . distribute, a controlled substance." 46 U.S.C. § 70503(a)(1). "A person violating paragraph (1) of section 70503(a) of this title shall be punished as provided in . . . 21 U.S.C. [§] 960. . . . A person attempting or conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503." 46 U.S.C. § 70506(a), (b).

[2] "In the case of a violation . . . involving . . . 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine, . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life." 21 U.S.C. § 960(b)(1)(B)(ii).

he had not sought such a reduction, because he believed it would be futile to do so.

Finally, he noted his extreme poverty in his home country of Mexico. Garcia

Lopez also spoke on his own behalf, apologizing for the offense and stating that he

committed the offense out of need. The government then disputed Garcia Lopez's

characterization of his role and the extent of his acceptance of responsibility.

The district court imposed a sentence at the low end of the Guideline range,

135 months. It stated that it had considered the § 3553(a) factors[3] and found that

they did not warrant a downward variance, noting that the offense involved 1,685.2

kilograms of cocaine. It nonetheless found that "a low end sentence is sufficient

given your involvement in this case based upon your poverty and the need to

provide for your family. It was not based upon greed but rather actual need for you

---

[3] "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established [by the Guidelines];
   (5) any pertinent policy statement [regarding application of the Guidelines];
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

to provide for your family including your dependent children." Garcia Lopez now appeals his sentence as substantively unreasonable.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Garcia Lopez has the burden of showing that his sentence is unreasonable in light of the record and the § 3553(a) factors, and he must establish "that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)); *see also United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Section 3553(a) requires the district court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in § 3553(a)(2), including the need to reflect the seriousness of and justly punish the offense, promote respect for the law and deter criminal conduct, and protect the public from the defendant's further crimes. 18 U.S.C. § 3553(a)(2). The district court must also consider the other factors listed in § 3553(a), such as the circumstances of the offense, the defendant's history and characteristics, the relevant Guideline range and policy statements, the need to avoid unwarranted

5

sentencing disparities, and the need to provide restitution to victims. *Id.*
§ 3553(a)(1), (3)–(7).

Garcia Lopez's argument on appeal is that his sentence is greater than necessary in light of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See id.* § 3553(a)(6). In particular, he asserts that "he was guaranteed to get a 120-month sentence" from a different judge in the Middle District of Florida. But we see no evidence whatsoever in the record to support such a broad assertion. Instead, the district court here disavowed applying a "standard policy" to downward variances for maritime drug traffickers, instead considering the § 3553(a) factors as they apply to each defendant. More to the point, Garcia Lopez has not identified any defendant with a similar record who has been found guilty of similar conduct. *See, e.g.*, *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011); *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009); *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (11th Cir. 2005) ("[a] well-founded claim of disparity . . . assumes that apples are being compared to apples").

Moreover, even if Garcia Lopez would have been "guaranteed" a 120-month sentence from a different judge, he effectively concedes that mariners who receive the mandatory-minimum sentence from that judge are differently situated. The offenders he describes receive a reduction for their minor role, U.S.S.G.

§ 3B1.2(b), which Garcia Lopez did not seek. He also conceded at sentencing that he did not qualify for a departure based on substantial assistance to the government, *id.* § 5K1.1. Offenders who receive either or both of those reductions based on their conduct are not similarly situated for the purposes of § 3553(a)(6).

We note that "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, [s]he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54. Furthermore, "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We note that the 120-month minimum applies to offenses involving as little as five kilograms of cocaine. *See* 21 U.S.C. § 960(b)(1)(B)(ii). Thus, it was not unreasonable for the district court to conclude that an offense involving an "extraordinarily large" quantity of cocaine—in this case, 1,685.2 kilograms— merited the longer sentence that the Guideline calculations contemplated. *See United States v. Mosquera*, 886 F.3d 1032, 1053 (11th Cir. 2018). Even so, the sentence was well below the statutory maximum sentence of life, *see* 21 U.S.C. § 960(b)(1)(B)(ii), which also supports its reasonableness. *See Gonzalez*, 550 F.3d at 1324.

Finally, Garcia Lopez argues that the district court failed to consider that he committed the offenses solely out of necessity, in order to provide for his family financially. This argument lacks merit because the district court expressly considered this characteristic of the defendant before imposing the 135-month sentence. The district court did not abuse its discretion when it denied Garcia Lopez's request for a variance below the Guideline range to the statutory minimum. In view of the record and all of the § 3553(a) factors, including the seriousness of the offense, Garcia Lopez has not established that his sentence is substantively unreasonable.

**AFFIRMED.**